16 F.3d 1224
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mary Lou ZUBAL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1282.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1994.
 
 Before: MILBURN and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Mary Lou Zubal appeals the Secretary of Health and Human Services' determination that she is not entitled to disability insurance benefits. We affirm the district court's decision upholding the Secretary's findings for the following reasons.
 
 I.
 Substantive History
 
 2
 Plaintiff-appellant Mary Lou Zubal ("Zubal") was born on April 23, 1937, graduated from high school and college, and worked for 19 years as an elementary school teacher. Zubal has a history of hypoplastic bone marrow and anemia beginning in 1981. In 1987, Zubal developed Epstein-Barr Virus Syndrome ("Epstein-Barr"), a herpes-like virus that causes infectious mononucleosis and is associated with Burkitt's lymphoma and nasopharyngeal carcinoma. Zubal claims that the Epstein-Barr causes her to become fatigued requiring her to rest four or five times per day.
 
 
 3
 Despite the Epstein-Barr, Zubal taught until 1989 with help from the school's principal who took over her classes whenever she felt too fatigued to teach. Though Zubal stopped teaching, she remains active at home cooking, cleaning, doing the laundry, reading, knitting, and embroidering. In fact, Zubal walks several blocks to the grocery store, shops, walks home, unpacks the groceries, then rests. Zubal also walks several blocks to her mother's house to visit, socializes with others, and, occasionally, goes ballroom dancing.
 
 
 4
 Medical records reveal that Zubal was treated for diarrhea and abdominal pain by Dr. Maria Sawdyk on June 9, 1989. On August 1, 1989, Dr. Sawdyk diagnosed irritable bowel syndrome and colitis, and noted that Zubal's recent complaints of fatigue could be related to her previously-diagnosed Epstein-Barr. On September 19, 1989, Dr. Sawdyk reported that Zubal's abdominal condition had improved, but expressed concern over Zubal's inability to gain weight. In November 1989, Dr. Freda Arlow, a gastroenterologist, found that Zubal had some slight abdominal tenderness on deep palpation, but no organomegaly (enlarged organs) or masses. Dr. Arlow similarly diagnosed irritable bowel syndrome.
 
 
 5
 In February 1990, a gastric biopsy showed mild chronic duodenitis, and an endoscopy of the gastrointestinal tract showed a small hiatal hernia, mild inflammation of the esophagus, a gastric ulcer, and erosive gastritis. Dr. Timothy Schubert, a gastroenterologist, enrolled Zubal in a gastric ulcer research study. In March 1990, Zubal's gastrointestinal discomfort lessened and she gained three pounds.
 
 
 6
 On July 23, 1990, a gastric emptying study demonstrated normal gastric emptying without evidence of gastroparesis or gastric outlet obstruction. On October 23, 1990, an endoscopy showed that Zubal's original ulcer had healed, but that a new ulcer, on the opposite side of her stomach, had appeared. On January 14, 1991, Dr. Sawdyk stated that Zubal's hypoplastic bone marrow condition had caused her peripheral blood counts to decrease and noted that Zubal's stomach ulcers were not responding to treatment.
 
 
 7
 On April 26, 1991, Dr. Sawdyk attributed Zubal's ulcers to stress, and concluded that Zubal was disabled by the Epstein-Barr because the virus caused profound fatigue and an inability to function on a day-to-day basis. In May 1991, Dr. Arlow noted that Zubal's stomach ulcers had completely healed and there were no new ulcerations.
 
 Procedural History
 
 8
 On May 17, 1990, Zubal filed her application for disability insurance benefits, pursuant to 42 U.S.C. Secs. 416(i) and 423, alleging that she became disabled on June 8, 1989. Zubal's application was denied initially and upon reconsideration. Zubal subsequently requested a hearing before an administrative law judge. On June 11, 1991, the ALJ denied Zubal's claim after concluding that Zubal could perform a significant number of low stress, sedentary jobs notwithstanding her medical impairments. On November 25, 1991, the Appeals Council denied Zubal's request for review, thereby allowing the ALJ's decision to become the Secretary's final decision.
 
 
 9
 Zubal thereafter appealed the Secretary's final decision to the United States District Court for the Eastern District of Michigan. On October 9, 1992, the magistrate recommended that the district court affirm the Secretary's decision. On January 28, 1993, the district court judge adopted the magistrate's Report and Recommendation and affirmed the Secretary's decision. Zubal timely filed her notice of appeal.
 
 II.
 
 10
 This court has jurisdiction to review the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g) which provides that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). When determining whether the Secretary's findings are supported by substantial evidence, we must examine the evidence in the record "taken as a whole," Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and we " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If supported by substantial evidence, the Secretary's decision must stand even if the reviewing court would resolve the factual issues differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).
 
 
 11
 The claimant has the ultimate burden of establishing an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. Sec. 423(d)(1)(A). If the claimant is working, and the work constitutes substantial gainful activity, benefits are automatically denied. 20 C.F.R. Secs. 404.1520(b), 416.920(b). The ALJ determined that Zubal has not worked since 1989.
 
 
 12
 If the claimant does not have an impairment which significantly limits her ability to work (a severe impairment), then she is not disabled. 20 C.F.R. Secs. 404.1520(c), 416.920(c). The ALJ determined that Zubal's anemia secondary to hypoplastic bone marrow, Epstein-Barr, stomach ulcers, and her subjective complaints of pain and fatigue constituted a severe impairment. The ALJ therefore concluded that further inquiry was necessary.
 
 
 13
 If the claimant is not working and has a severe impairment, it must be determined whether she suffers from one of the "listed" impairments. 20 C.F.R. Secs. 404.1520(d), 416.920(d). If so, benefits are owing without further inquiry. The ALJ determined that Zubal does not suffer from one of the listed impairments. In such a case, the Secretary must determine whether the claimant is able to return to the job she previously held. 20 C.F.R. Secs. 404.1520(e), 416.920(e). The ALJ found that Zubal was not capable of returning to her previous occupation.
 
 
 14
 At this stage in the analysis, it becomes the Secretary's burden to establish the claimant's ability to work. Allen v. Califano, 613 F.2d at 145. Taking into consideration present job qualifications such as age, experience, education, physical capacity, and the existence of jobs to match these qualifications, the Secretary must prove that the claimant retains the capacity to perform a different job. 20 C.F.R. 3Secs. 404.1520(f)(1), 416.920(f); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical vocational guidelines. Kirk v. Secretary of Health & Human Servs., 667 F.2d at 528-29. See 20 C.F.R. Pt. 404, Subpt. P., App. 2.
 
 
 15
 The ALJ rejected Zubal's subjective complaints of pain and fatigue after concluding that the claimant's capacity for sedentary work was not significantly compromised by her additional non-exertional limitations:
 
 
 16
 The claimant is restricted to low stress sedentary work [though her] daily activities indicate a higher residual functional capacity. The claimant resides alone doing all the cleaning including laundry, dusting, washing dishes, vacuuming and mopping. The claimant prepares her own meals three times daily, does her own shopping, including groceries. For recreation the claimant reads, watches television, listens to the radio, visits with family, makes handcrafts, does puzzles, and goes ballroom dancing from once a week to once a month. She also attends church weekly and a sorority club monthly.... In reaching the above finding concerning residual functional capacity, I have considered the claimant's allegations of pain and other limiting symptoms. ... A subjective complaint of pain or other limiting symptom may be discounted if there are inconsistencies in the evidence as a whole.
 
 
 17
 ALJ's June 11, 1991 Decision at 3-4.
 
 
 18
 Because Zubal's stomach discomfort dissipated when the proper medication was administered and her stress levels reduced, and because the record reveals that Zubal is able to wash dishes, shop for groceries, cook, read, run errands, entertain, and dance notwithstanding her ailments, we find that the evidence amply supports the Secretary's finding that Zubal's daily activities are only slightly restricted. Accordingly, the ALJ properly determined that Zubal's fatigue and abdominal symptoms did not prevent her from performing a limited range of work involving minimal physical demands and little stress.
 
 
 19
 Because Zubal is unable to perform the full range of sedentary work[1] due to her limited tolerance for stress, the ALJ was forced to make a nonguideline determination. See Kirk v. Secretary of Health & Human Servs., 667 F.2d at 531 ("[I]f the claimant's characteristics do not fit the grid pattern, then ... expert testimony would be required to satisfy the Secretary's burden of proof regarding the availability of jobs which this particular claimant can exertionally handle."). Accordingly, Dannelly Smith, a vocational expert, testified to satisfy the Secretary's burden of proof regarding the availability of jobs which the claimant could perform. 20 C.F.R. Sec. 404.1566(e).
 
 
 20
 Smith assumed the existence of a person Zubal's age with comparable education, work experience, and transferable skills who could perform sedentary work that permitted both sitting and standing and caused no more than average stress. Based on these assumptions, the vocational expert testified that such an individual could perform a significant number of jobs in the regional and national economies including intake coordinator, social worker, and non-typist clerk. Though the ALJ's hypothetical question to the vocational expert did not include Zubal's allegations of fatigue, the ALJ's hypothetical question was proper because it contained Zubal's credible limitations that were supported by objective medical evidence.
 
 
 21
 Because substantial evidence supports the ALJ's conclusion that a significant number of existing jobs accommodate Zubal's residual functional capacity profile, the ALJ properly determined that Zubal is not disabled. 20 C.F.R. Secs. 404.1520(f), 416.920(f).
 
 III.
 
 22
 We AFFIRM the district court's January 28, 1993 Judgment and Order Accepting Magistrate Judge's Report and Recommendation for the aforementioned reasons.
 
 
 
 [1]
 Sedentary work is defined as:
 [L]ifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
 
 
 [20]
 C.F.R. Sec. 404.1567(a)